**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 23-4135

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

MICHAEL M. BROWN,

Defendant - Appellant.

Appeal from the United States District Court for the Northern District of West Virginia, at Martinsburg.  Gina M. Groh, District Judge.  (3:18-cr-00063-GMG-RWT-1)

Submitted:  December 14, 2023                    Decided:  December 18, 2023

Before GREGORY and RUSHING, Circuit Judges, and MOTZ, Senior Circuit Judge.

Affirmed in part and dismissed in part by unpublished per curiam opinion.

**ON BRIEF:** Kristen M. Leddy, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Martinsburg, West Virginia, for Appellant.  Andrew R. Cogar, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Clarksburg, West Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Michael M. Brown pled guilty, pursuant to a written plea agreement, to conspiracy to commit wire fraud, in violation of 18 U.S.C. §§ 1343, 1349, and aggravated identity theft, in violation of 18 U.S.C. § 1028A. The district court sentenced Brown to a total term of 75 months' imprisonment. Brown's counsel has filed a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), asserting that there are no meritorious grounds for appeal but questioning whether Brown's sentence is reasonable. Although notified of his right to do so, Brown has not filed a pro se supplemental brief. The Government has moved to dismiss the appeal pursuant to the appellate waiver in Brown's plea agreement. We affirm in part and dismiss in part.

"We review an appellate waiver de novo to determine whether the waiver is enforceable." *United States v. Boutcher*, 998 F.3d 603, 608 (4th Cir. 2021). "[W]e will enforce the waiver if it is valid and if the issue being appealed falls within the scope of the waiver." *Id.* (internal quotation marks omitted). An appellate waiver is valid if the defendant enters it "knowingly and intelligently, a determination that we make by considering the totality of the circumstances." *Id.* "Generally though, if a district court questions a defendant regarding the waiver of appellate rights during the [Fed. R. Crim. P.] 11 colloquy and the record indicates that the defendant understood the full significance of the waiver, the waiver is valid." *United States v. McCoy*, 895 F.3d 358, 362 (4th Cir. 2018) (internal quotation marks omitted).

Our review of the record confirms that Brown knowingly and intelligently waived his right to appeal his conviction and sentence, with limited exceptions not applicable here.

2

We therefore conclude that the waiver is valid and enforceable and that the issue Brown raises falls squarely within the scope of the waiver.

In accordance with *Anders*, we have reviewed the entire record in this case and have found no potentially meritorious grounds outside the scope of Brown's appellate waiver. We therefore grant the Government's motion and dismiss the appeal as to all issues within the waiver's scope. We affirm the remainder of the criminal judgment.

This court requires that counsel inform Brown, in writing, of the right to petition the Supreme Court of the United States for further review. If Brown requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Brown. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED IN PART,*
*DISMISSED IN PART*

3